United States District Court
Southern District of Texas
**ENTERED**
June 12, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAYETANO TERAN CEPEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-0780 |
| | § | |
| DIAMOND MINOR, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Diamond Minor's Motion for Summary Judgment (Document No. 24). Having considered the motion, submissions, and applicable law, the Court determines that the motion for summary judgment should be granted.

## I. BACKGROUND

This is a case arising from a motor vehicle accident. On January 28, 2022, Plaintiff Cayetano Teran Cepeda ("Cepeda") collided with Defendant Diamond Minor ("Minor") while Minor was operating a box truck working as a driver for Archer Trucking Company, LLC. Cepeda alleges that Minor was negligent in handling her vehicle, failing to safely leave her lane and merge into Cepeda's lane, resulting in personal injury to Cepeda.

Based on the foregoing, on January 26, 2024, Cepeda filed suit in the 165th District Court of Harris County, Texas, alleging a claim of negligence against Minor seeking damages for: (1) medical expenses; (2) pain and medical anguish; and (3) property damages. On March 4, 2024, Minor removed the case to this Court pursuant to diversity jurisdiction. On May 15, 2025, Minor moved for summary judgment, contending there is no genuine issue of material fact for trial. Cepeda did not respond to Minor's motion to dismiss within either the original response date, or the date of this Order.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

The Court may not grant summary judgment based merely on the procedural failure to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments. Rather, the movant must bear its initial burden to show that no issue of material fact exists, and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). If issues of material fact clearly exist within the summary judgment record, then summary judgment is improper. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000) ("Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." (quoting *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993)).

### III. LAW & ANALYSIS

Minor moves for summary judgment, contending there is no material question of fact for a jury regarding whether Minor was negligent. Cepeda did not respond to Minor's motion for summary judgment, failing to rebut or offer any evidence to counter Minor's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Cepeda's violation of Local Rule 7.4, the Court will independently consider the merits of

Minor's motion for summary judgment and determine whether a material question of fact for a jury exists.

Minor primarily contends that Cepeda has failed to establish any evidence to sustain a finding of negligence liability. Negligence under Texas law consists of: (1) a duty owed to the plaintiff by the defendant; (2) a defendant's breach of that duty; which in turn, (3) proximately caused damages to the plaintiff by the breach. *See The Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (per curiam). Here, Minor contends that Cepeda has failed to offer any evidence of either a breach of a duty or proximate cause in this matter. Cepeda initially filed suit in the 165th District Court of Harris County, Texas on December 26, 2024, almost a year and a half ago.[1] The Court notes that this matter is set for a jury trial during the trial term of May/June 2025. Minor contends that in the eighteen months since this case was filed, the Plaintiff has initiated no discovery, nor conducted any deposition in this matter. Minor further contends that there has been no contact with Cepeda regarding the current trial setting or potential for reopening discovery. The Court's independent review of the record in this case reveals that no Joint Pretrial Order has been filed, nor any other document indicating to the Court that Cepeda is ready to proceed to trial in this matter. Cepeda offers no rebuttal.

---

[1] *See Notice of Removal*, Document No. 1

Considering the Fifth Circuit's clear guidance that summary judgment is proper if the pleadings, discovery, and other materials on file show there are no genuine issues of material fact, coupled with the lack of any justification by Cepeda showing a genuine issue of material fact exists in this matter, the Court finds that summary judgment is proper. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Diamond Minor's Motion for Summary Judgment (Document No. 24) is **GRANTED**.

**THIS IS A FINAL JUDGMENT**.

SIGNED at Houston, Texas, on this __12__ day of June, 2025.

DAVID HITTNER
United States District Judge